POLEN, Judge.
Marvin Kravitz and Margot Kravitz, his wife, appeal the trial court’s dismissal with prejudice of Mr. Kravitz’s complaint for dental malpractice on the ground that it failed to comply with the statutory requirements of section 766.203, Florida Statutes (1988). We reverse.
On February 14,1991, appellant filed suit against his dentist, Paul Talchik. In his complaint, appellant alleged dental negligence on the part of Dr. Talchik and Lewis S. Benjamin, D.M.D., P.A. On March 13, 1991, Dr. Talchik filed a motion to dismiss the complaint. In his motion, Dr. Talchik alleged that appellant’s complaint should be dismissed based on a failure to comply with the presuit requirements in section 766.203, Florida Statutes. On October 24, 1991, the trial court heard argument on the motion. At the conclusion of the hearing, the trial court requested that each party submit a memorandum of law in support of their respective positions. Thereafter, on November 22, 1991, the trial court granted appellee’s motion to dismiss upon its ruling that appellant’s failure to provide a verified written medical expert opinion with the 1990 notice of intent was a defect fatal to appellant’s claim. The trial court then entered a final judgment of dismissal.
Appellant argues that the lack of a verified written medical expert opinion was not fatal to his claim because the mal *585 practice alleged occurred prior to July 5, 1988, the date section 766.203 (which the Governor approved on February 8, 1988), became effective. We agree. A statute is presumed to act prospectively in the absence of a clear legislative intent to the contrary. See Trustees of Tufts College v. Triple R Ranch, Inc., 275 So.2d 521 (Fla.1973). We are mindful that one exception to this general rule involves statutes which are procedural. See Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla.1978). However, we need not pursue that issue here, because it is clear from the unambiguous language of Chapter 88-1, Laws of Florida, that the legislature did not intend retroactive application of section 766.203. Chapter 88-1 specifically provides that “[t]his act does not apply to causes of actions arising prior to the effective date of this act.” Id.[1] We hold that the trial court erred when it dismissed appellant’s complaint with prejudice, thus it is unnecessary to address appellant’s second point. The judgment is reversed and this cause is remanded for proceedings consistent with this opinion.
DOWNEY and GUNTHER, JJ., concur.

. Notably, the language in Chapter 88-1 sharply contrasts with the language the legislature used in the predecessor section 768.57, which provided that “[t]his act shall operate retroactively to October 1, 1985." Paragraph (10) of that section also provided that it shall not apply to any cause of action with respect to which suit has not been filed prior to October 1, 1985.